IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jimmy Ham, ) | |
| ) | Civil Action No. 6:11-cv-2540-CMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Dr. B. Woods, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the plaintiff's motion to withdraw complaint (doc. 37). The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On January 3, 2012, the defendant moved for summary judgment. By order filed that same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 9, 2012, the plaintiff filed a motion to withdraw his complaint, stating he wished to withdraw his complaint "in the interest of not wasting this court's valuable time as I realize I cannot prevail" (pl. m. withdraw at 1). The defendant filed his response on January 11, 2012, stating that he consented to the motion and dismissal of the case (def. resp. m. to withdraw at 1).

Under Federal Rule of Civil Procedure 41, an action may be dismissed without a court order prior to the defendant either serving an answer or a motion for summary

judgment or by a stipulation of dismissal signed by all the parties. Otherwise, as here, dismissal must be by court order. Fed.R.Civ.P. 41(a)(2).

Based upon the foregoing, this court recommends that the plaintiff's motion (doc. 37) be granted and the case be dismissed. Should the district court adopt this court's recommendation, the defendant's motion for summary judgment (doc. 31) will be rendered moot.

s/ Kevin F. McDonald  
United States Magistrate Judge

January 11, 2012  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).